IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| AVENUE INNOVATIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> E. MISHAN & SONS INC., <br><br> Defendant. | No. 5:15-cv-166 <br><br> JURY TRIAL DEMANDED |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Avenue Innovations Inc. ("Avenue Innovations") files its Original Complaint for Patent Infringement against defendant E. Mishan & Sons Inc. ("Mishan") under 35 U.S.C. §§ 271(a) and (b) and for false patent marking under 35 U.S.C. § 292(b).  Avenue Innovations alleges, based on its personal knowledge of its own actions and based upon information and belief as to Mishan's actions, as follows.

### NATURE OF THE ACTION

1. This action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq*., for infringement of one or more claims of U.S. Patent No. 6,340,189 ("the '189 patent"), issued on January 22, 2002, to William Pordy, titled "Universal Device for Facilitating Movement Into And Out Of A Seat."  *See* Exhibit A.

2. This action also includes claims for false patent marking under 35 U.S.C. § 292(b).

### THE PARTIES

3. Plaintiff Avenue Innovations is a Canadian company organized and existing under the laws of Canada with a principal office at #6, 7816 East Saanich Road, Saanichton, BC V8M2B3 Canada.

4. On information and belief, defendant Mishan is a New York corporation with its principal executive office at 230 Fifth Avenue, Suite 800, New York, NY 10001.  Mishan may

be served with service of process at its principal executive office.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over defendant Mishan. Mishan conducts business in this District, and it has committed acts of direct and induced patent infringement and acts of false patent marking in this District and throughout the U.S.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other reasons, Mishan is subject to personal jurisdiction in this District, it has regularly conducted business in this District, and certain of the acts listed in this complaint occurred in this District.

## FACTUAL BACKGROUND

8. The '189 patent was duly and legally assigned to Avenue Innovations on January 8, 2003, with all substantial rights to the '189 patent, including the rights to sue for and recover all past, present, and future damages for infringement.

9. On or about August 2003, Avenue Innovations began selling its commercial embodiment of the '189 patent as the "Handybar®" at the National Hardware Show in Chicago, Illinois, where it was named a "Retailers Choice" New Product. The Handybar® is used for assisting with ingress and egress into and out of vehicles. Attached at Exhibit B are images of Avenue Innovations' Handybar® product.

10. The Handybar® is marked with the '189 patent number and satisfies the requirements of 35 U.S. Code § 287.

11. On or about April 2015, Mishan started selling its infringing product, the "Car Cane™." Attached at Exhibit C are images of the Car Cane™ product.

12. Mishan's Car Cane™ product directly competes with Avenue Innovations' Handybar® product.

13. On June 3, 2015, Avenue Innovations sent Mishan a cease and desist letter by email and mail, notifying Mishan of the '189 patent and Mishan's infringement of the '189 patent and demanding that Mishan cease making, using, selling, offering for sale, and/or importing its infringing Car Cane™ product.

14. In addition to demanding that Mishan cease all marketing activities and deliver for destruction or disposal all remaining Car Cane™ products in its inventory, Avenue Innovations demanded that Mishan provide an accounting of all Car Cane™ products sold.

15. Avenue Innovations notified Mishan that it is falsely advertising its Car Cane™ product as "patent pending" when a search of the U.S. Patent and Trademark Office's ("USPTO")'s website for published patent applications revealed no pending patent application(s) by Mishan for any Car Cane™ like invention. Exhibit C includes an image showing that the Car Cane™ product is advertised as "patent pending."

16. After additional written communications between Avenue Innovations and Mishan on June 18, 2015, and June 22, 2015, Mishan has refused ceasing making, using, selling, offering for sale, or importing its Car Cane™ product.

17. On information and belief, Mishan sells its Car Cane™ product in this District and the U.S. through the following non-exhaustive list of websites:

- www.carcane.com,
- www.amazaon.com,
- www.walmart.com,
- www.alibaba.com,
- www.hsn.com,
- www.groupon.com,
- www.overstock.com,
- www.rakuten.com,
- www.newegg.com,
- www.bonanza.com,

- www.carolwrightgifts.com,
- www.harrietcarter.com,
- www.yourstoreonline.net, and
- www.asseenontvofficialsite.com

(collectively referred to as "Retail Partners").

## COUNT I
## PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(a)

18. The facts and allegations as stated in paragraphs 1 to 17 are incorporated by reference.

19. Mishan has infringed directly or under the doctrine of equivalents one or more claims of the '189 patent under 35 U.S.C. § 271(a) by making, having made, selling, offering for sale, or importing its Car Cane™ product in this District and the U.S. without a license to the '189 patent.

20. Mishan has known of the '189 patent since at least June 3, 2015, when Avenue Innovations first notified Mishan by letter of the existence of the '189 patent and Mishan's infringement of the '189 patent.

21. Mishan's direct infringement is willful.

22. Based on Mishan's knowledge of the '189 patent, it has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and it knew or should have known of that objectively high risk.

23. Avenue Innovations has been damaged as a result of Mishan's willful direct infringement leading to lost sales, price erosion, and damage to its reputation.

24. Avenue Innovations is entitled to treble damages due to Mishan's willful direct infringement under 35 U.S.C. § 284.

## COUNT II
## PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(b)

25. The facts and allegations as stated in paragraphs 1 to 24 are incorporated by reference.

26. Mishan has induced infringement and continues to induce infringement of the '189 patent under 35 U.S.C. § 271(b).

27. Mishan has known of the '189 patent since at least June 3, 2015, when Avenue Innovations first notified Mishan by letter of the existence of the '189 patent and Mishan's infringement of the '189 patent.

28. Mishan has contracted with at least its Retail Partners to sell its Car Cane™ product knowing that its Car Cane™ product infringes directly or under the doctrine of equivalents one or more claims of the '189 patent.

29. Mishan knew and specifically intended that its Retail Partners would directly infringe the '189 patent by selling and offering for sale Mishan's Car Cane™ product.

30. Mishan's induced infringement is willful.

31. Based on Mishan's knowledge of the '189 patent, Mishan has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and it knew or should have known of that objectively high risk.

32. Avenue Innovations has been damaged as a result of Mishan's willful direct infringement leading to lost sales, price erosion, and damage to its reputation.

33. Avenue Innovations is entitled to treble damages due to Mishan's willful induced infringement under 35 U.S.C. § 284.

## COUNT III
## FALSE PATENT MARKING UNDER 35 U.S.C. § 292(b)

34. The facts and allegations as stated in paragraphs 1 to 33 are incorporated by reference.

35. A search of the USPTO's website for published patent applications reveals that no pending patent application(s) by Mishan exists for any Car Cane™ like invention.

36. Mishan advertises its Car Cane™ product as "patent pending," which is false patent marking under 35 U.S.C. § 292(a) when no patent application has been filed.

37. Avenue Innovations has suffered a competitive injury as a result of Mishan's false patent marking when Avenue Innovations' Handybar® product is actually and properly patented and marked with the '189 patent number as required under 35 U.S.C. § 287.

38. Mishan's false advertising of its Car Cane™ product as "patent pending" deceives Avenue Innovations' customers into believing that Mishan's Car Cane™ product is of an equal quality and coaxes Avenue Innovations' customers into purchasing Mishan's Car Cane™ product versus Avenue Innovations' Handybar® product.

39. Avenue Innovations is entitled to damages for Mishan's false patent marking under 35 U.S.C. § 292.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Avenue Innovations respectfully requests that this Court enter judgment in its favor, against defendant Mishan, and grant the following relief:

A. A judgment that Mishan has infringed directly or under the doctrine of equivalents one or more claims of the '189 patent under 35 U.S.C. § 271(a);

B. A judgment that Mishan has induced infringement of one or more claims of the '189 patent under 35 U.S.C. § 271(b);

C. A judgment that the '189 patent is not invalid;

D. An order requiring Mishan to account for all past, present, and future infringing sales and for periodic accountings of its future sales throughout the life of the '189 patent;

E.  A judgment awarding damages, including Avenue Innovations' damages for lost sales, price erosion, and loss of reputation, or at least a reasonable royalty under 35 U.S.C. § 284, including prejudgment and post-judgment interest, costs, and supplemental damages for any continuing post-verdict infringement through the entry of a final judgment;

F.  A judgment that Mishan has willfully infringed the '189 patent and awarding treble damages under 35 U.S.C. § 284;

G.  A permanent injunction preventing Mishan and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and those in active concert or participation with any of them from directly infringing or inducing infringement of the '189 patent;

H.  A judgment that Mishan is liable for false patent marking and damages to Avenue Innovations under 35 U.S.C. § 292;

I.  A judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding Avenue Innovations its reasonable attorneys' fees and costs;

J.  A judgment awarding Avenue Innovation's costs under 28 U.S.C. § 1920; and

K.  Such other actual and equitable relief to which Avenue Innovations is entitled or this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff Avenue Innovations demands a trial by jury on all claims and issues so triable.

Dated: October 9, 2015    Respectfully submitted,

_____

Peter J. Corcoran, III – Lead Attorney
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

Edward W. Goldstein
Texas State Bar No. 08099500
**Goldstein Law, PLLC**
710 N. Post Oak, Suite 350
Houston, Texas 77024
Phone: (713) 877-1515
Fax: (713) 877-1737
Email: egoldstein@gliplaw.com

*Counsel for Plaintiff*
*Avenue Innovations Inc.*